UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAMES SPURLOCK, PAULA FELTON, and SAMUEL FELTON | * | CIVIL ACTION |
| versus | * | NO. 06-7563 |
| TRAVELERS INDEMNITY COMPANY OF CONNECTICUT and PAPPALARDO INSURANCE COMPANY | * | SECTION "F" |

ORDER AND REASONS

Before the Court is plaintiff's motion to remand.  For the reasons that follow, the motion is GRANTED.

Background

The plaintiffs secured homeowners' and flood insurance through Pappalardo Agency, Inc.  The policies were insured by Travelers, a participant in the Write-Your-Own (WYO) policy program of the National Flood Insurance Program (NFIP) operated by FEMA. The plaintiffs' properties were damaged by Hurricane Katrina.  They filed claims under their policies, but Travelers has refused to pay the claims.  The plaintiffs sued Travelers and Pappalardo, requesting payment for damages to their home.  They accused Pappalardo of negligence in the procurement of insurance, including failing to secure the flood insurance they requested and failing to advise them that excess flood insurance was a viable option.  The plaintiffs alleged that Travelers is liable for the errors and

1

omissions of its agent, and accused Travelers of bad faith and negligence in the settlement of their claims.

Pappalardo removed the case to this Court on October 10, 2006, invoking this Court's original federal question jurisdiction, arguing that Congress gave federal courts exclusive jurisdiction over lawsuits arising under the NFIP.  Alternatively, Pappalardo argues that the plaintiffs can state no claim against it and that the claims should be dismissed.

Most lawsuits filed after Hurricane Katrina focus on issues of insurance law and have been removed by out-of-state defendant insurance companies.  Common jurisdictional issues run through these cases, and the standards for diversity and federal question jurisdiction and the discretion to remand cases to state court have been enumerated time after time, as well as the standards for the duty owed by insurance agents to the insured. See Kurz v. Scottsdale Ins. Co., 2006 WL 3240787 (E.D. La. Nov. 7, 2006); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D. La. Oct. 10, 2006); Bienemy v. American Sec. Ins. Co., 2006 WL 2925454 (E.D. La. Oct. 10, 2006); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D. La. Sept. 12, 2006).  The jurisdiction granted by Congress in the legislation establishing the NFIP and FEMA's recent interpretations of the scope of the NFIP has also been resolved.  See Wright v. Allstate Ins. Co., 415 F.3d 384, 389 n.3 (5th Cir. 2005); Newman v. Allstate

Ins. Co., 2006 WL 2632116 (E.D. La. Sept. 12, 2006)(Feldman, J.); Sullivan v. State Farm & Casualty Co., 2006 WL 2119320 (E.D. La. July 26, 2006)(Barbier, J.); Landry v. State Farm Fire & Casualty, 428 F. Supp. 2d 531 (E.D. La. 2006) (Fallon, J.).

This case is no different.  Similar to the plaintiff's case in Landry,

> "[t]he case at hand is a cause of action for errors and omissions of [the] agent relating to his alleged failure to obtain ... coverage for Plaintiff's home.  [The insurer's] liability arises through that agent and his extra-contractual duty of reasonable diligence; therefore, the Plaintiff's claims do not result from, relate to, or arise from [the insurer's] compliance with FEMA regulations under an NFIP policy."

The plaintiffs state that within the last year, they asked for changes in their policy and a certain level of coverage, and that they relied on the representations of the agent in procuring that coverage.  The plaintiffs argue that Pappalardo did not inform them about gaps in their coverage and that it failed to procure the coverage they requested.  The defendant does not refute these claims, and recognizes the case law remanding NFIP claims when the agent's negligence in procurement is at issue.  But the defendant argues that all NFIP policy claims, including those with issues of procurement, be resolved in federal court.  This Court is unwilling to depart from the settled precedent of this and other Sections of this Court.  Therefore, this case is placed outside the scope of federal preemption.

Accordingly, the plaintiffs' motion to remand is GRANTED. The case is hereby remanded to state court.

New Orleans, Louisiana, January 2, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE